IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WILLIE BILLINGTON | § | |
| v. | § | CIVIL ACTION NO. 6:13cv234 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Willie Billington, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Billington states that he is serving a life sentence for the offense of robbery, in cause no. 241-1234-07, handed down on July 27, 2007. He pleaded guilty and did not take a direct appeal, although he filed a state habeas corpus petition on August 2, 2012. This was denied on September 11, 2012, and Billington filed a second state petition on October 12, 2012, which was dismissed as successive.

After review of the petition, the Magistrate Judge ordered Billington to show cause why his petition should not be barred by the statute of limitations. Billington's response referred to a different conviction; in this response, Billington argued that the indictment was void on its face because the crime was committed in 1990 and by 1998, the limitations period had expired. He stated that he received 2174 days of back time on the indictment, but the trial court should have dismissed the sentence, judgment, and conviction because of the expiration of the limitations period.

Billington attached a copy of a judgment in cause no. 7-91-488 in which he was adjudicated guilty on August 24, 2001, receiving a sentence of 14 years in prison, with time credits of 2137 days.

On April 24, 2013, the Magistrate Judge issued a Report recommending that Billington's petition be dismissed as barred by the statute of limitations. The Magistrate Judge observed that the 2001 conviction to which Billington referred in his response was separate from the 2007 conviction and life sentence which Billington challenges in his petition. The Magistrate Judge further stated that Billington's response did not set out any valid reason why the petition should not be dismissed as barred by the statute of limitations. Finally, the Magistrate Judge determined that Billington had failed to show any reason for equitable tolling of the statute of limitations.

Billington filed objections to the Magistrate Judge's Report on May 16, 2013. In his objections, Billington states that he is serving a life sentence imposed on July 27, 2007, in cause no. 241-1234-07, but then goes back to discussing his 2001 conviction. He argues that the State had 180 days to take the case to trial after the indictment was handed down, but the State waited until March 16, 1997. Then, on August 24, 2001, he went to trial after receiving probation in 1998. He asked his attorney if the statute of limitations had expired, but counsel threatened to withdraw and also threatened him with a life sentence. Billington states that his guilty plea was coerced and thus invalid.

These objections, like Billington's response, concern his 2001 conviction rather than the 2007 conviction which is the subject of the present petition. Court records show that Billington has already challenged his 2001 conviction in three separate federal habeas petitions. *See* <u>Billington v. Director, TDCJ</u>, civil action no. 6:11cv204 (E.D.Tex., May 17, 2011, no appeal taken) (dismissing challenge to 2001 conviction as successive);<u>Billington v. Director, TDCJ</u>, civil action no. 6:10cv162 (E.D.Tex., dismissed on petitioner's motion November 7, 2011, no appeal taken); <u>Billington v. Director, TDCJ</u>, civil action no. 6:02cv558 (E.D.Tex., dismissed as barred by limitations July 28, 2003, no appeal taken). Billington does not show that he has received permission from the Fifth Circuit to file a successive petition concerning his 2001 conviction, nor has he shown any reason

why a challenge to his 2007 conviction should not be barred by the statute of limitations. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 8) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Willie Billington is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 3rd day of June, 2013.**

_____
LEONARD DAVIS
UNITED STATES DISTRICT JUDGE